```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

------------------------------x
                              :
ROBERT W. JOHNSON             :    Civ. No. 3:22CV00110(SALM)
                              :
v.                            :
                              :
AARON M. HILTON, et al.       :    February 17, 2022
                              :
------------------------------x
```

## INITIAL REVIEW ORDER

Self-represented plaintiff Robert W. Johnson ("plaintiff"), a resident of New York State, filed this action in the District of Connecticut on January 20, 2022. On that same date, he filed a motion to proceed in forma pauperis. See Doc. #2.

The Complaint names 42 defendants.[1] See Doc. #1 at 1-2. The Complaint consists of six handwritten pages. The Complaint consists largely of lists of defendants. It reads, in its entirety:

> Statement of Facts: I, Robert W. Johnson, was denied affective medical treatment by the following parties [listing defendants]. All parties committed Medical Malpractice and insurance fraud for Workers Compensation Board Number G0605321: Hartford Insurance Claim #YSQ47276C: DOI: 10/29/2012. The Hartford Insurance was not the insurance carrier for McDonalds due to contractual expirations for above-said parties. [Certain

---

[1] "Rule 10(a) of the Federal Rules of Civil Procedure requires plaintiffs to list all defendants in the caption of a complaint." Gilhooly v. Armstrong, No. 3:03CV01798(MRK)(WIG), 2006 WL 322473, at *2 (D. Conn. Feb. 9, 2006); see also Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.]" (emphasis added)). Plaintiff has failed to comply with this Rule. His complaint contains no caption at all.

1

>   defendants] committed conflict of interests for above-said pending matters due to prior relationships and business contracts with McDonalds, The Hartford and Workers Compensation Board. Robert W. Johnson experienced side effects that worsened his chronic pains and other health issues from the use of Sumatrin. All parties committed state and federal crimes for falsifying court documents and medical records.

Doc. #1 at 3-6.

I.  **Standard of Review**

When a plaintiff files a civil complaint in forma pauperis under 28 U.S.C. §1915, the Court reviews the complaint to determine whether it is sufficient to proceed to service of process. Section 1915 provides that "the court shall dismiss the case at any time if the court determines that[]" the case "fails to state a claim on which relief may be granted[.]" 28 U.S.C. §1915(e)(2)(B)(ii).

Although detailed allegations are not required, a complaint must include sufficient facts to afford a defendant fair notice of the claims and demonstrate a right to relief. See Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570. Conclusory allegations are not sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Rule 8 sets forth the general rules of pleading in federal court:

>   A pleading that states a claim for relief must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). The purpose of Rule 8 "is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).

"[W]hile a pro se litigant's pleadings must be construed liberally, ... pro se litigants generally are required to inform themselves regarding procedural rules and to comply with them." Edwards v. I.N.S., 59 F.3d 5, 8 (2d Cir. 1995) (citations omitted). Furthermore, the rationale for affording special solicitude to self-represented litigants is diminished where a self-represented plaintiff has experience with litigation, as this plaintiff does.[2] See Davidson v. Flynn, 32 F.3d 27, 31 (2d Cir. 1994) (concluding that sparse pleadings, typically sufficient to allow leave to amend for a self-represented plaintiff unfamiliar with the legal system, were insufficient for a repeat self-represented litigant). In such cases, "the deference usually granted to pro se plaintiffs need not be

---

[2] Plaintiff is well versed in civil litigation, having filed more than 20 cases in this District, and well over 100 in other Districts.

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). The purpose of Rule 8 "is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).

"[W]hile a pro se litigant's pleadings must be construed liberally, ... pro se litigants generally are required to inform themselves regarding procedural rules and to comply with them." Edwards v. I.N.S., 59 F.3d 5, 8 (2d Cir. 1995) (citations omitted). Furthermore, the rationale for affording special solicitude to self-represented litigants is diminished where a self-represented plaintiff has experience with litigation, as this plaintiff does.[2] See Davidson v. Flynn, 32 F.3d 27, 31 (2d Cir. 1994) (concluding that sparse pleadings, typically sufficient to allow leave to amend for a self-represented plaintiff unfamiliar with the legal system, were insufficient for a repeat self-represented litigant). In such cases, "the deference usually granted to pro se plaintiffs need not be

---

[2] Plaintiff is well versed in civil litigation, having filed more than 20 cases in this District, and well over 100 in other Districts.

expansively drawn." Johnson v. Eggersdorf, 8 F. App'x 140, 143 (2d Cir. 2001).

The Court is not only permitted, but required, to dismiss a pending action when the Court finds that it lacks subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "Where there is a lack of subject matter jurisdiction, dismissal is mandatory." Patterson v. Rodgers, 708 F. Supp. 2d 225, 233 (D. Conn. 2010).

## II. Discussion

The Complaint fails to assert any basis for subject matter jurisdiction, and the Court can find none based on its scant allegations. Furthermore, the Court is unable to ascertain any valid legal claim from the face of the Complaint, and cannot expect any defendant to answer the Complaint as written.

"A federal court is obligated to inquire into subject matter jurisdiction sua sponte at the earliest opportunity to determine whether such jurisdiction exists." Gonzalez v. Ocwen Home Loan Servicing, 74 F. Supp. 3d 504, 510 (D. Conn. 2015), aff'd sub nom. Gonzalez v. Deutsche Bank Nat. Tr. Co., 632 F. App'x 32 (2d Cir. 2016). Again, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court

must dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added).

A District Court has subject matter jurisdiction over (1) "all civil actions arising under the Constitution, laws, or treaties of the United States[,]" 28 U.S.C. §1331, and (2) civil actions between diverse parties "where the matter in controversy exceeds the sum or value of $75,000[.]" 28 U.S.C. §1332(a). "[T]he party invoking federal jurisdiction bears the burden of proving facts to establish that jurisdiction." Linardos v. Fortuna, 157 F.3d 945, 947 (2d Cir. 1998).

The Complaint asserts no basis for subject matter jurisdiction. Plaintiff does not allege any claim that would give rise to federal question jurisdiction.[3] Plaintiff mentions medical malpractice and insurance fraud in his Complaint; neither sounds in federal law. See Belton v. Health & Hosps. Corp., No. 06CV04362(DGT), 2006 WL 3335087, at *2 (E.D.N.Y. Oct. 4, 2006) (medical malpractice claim does not support federal question jurisdiction); George v. Progressive Ins. Agency, Inc., No. 5:18CV01138(DHN)(ATB), 2018 WL 4660379, at *3 (N.D.N.Y. Sept. 28, 2018), report and recommendation adopted, 2019 WL

---

[3] Plaintiff has written "440: Other Civil Rights. Due Process Rights Violations" on the Civil Cover Sheet. Doc. #1-1 at 1. This is insufficient to convey federal question jurisdiction. Furthermore, due process is not mentioned in the body of the Complaint.

5307075 (N.D.N.Y. Oct. 21, 2019) (common law fraud claim does not support federal question jurisdiction). To the extent plaintiff accuses defendants of "commit[ing] state and federal crimes[,]" such claims are not viable. Doc. #1 at 6. "[C]rimes are prosecuted by the government, not by private parties." Hill v. Didio, 191 F. App'x 13, 14-15 (2d Cir. 2006). Accordingly, the Court does not have federal question jurisdiction over this action. See 28 U.S.C. §1331.

Likewise, plaintiff makes no allegations about the citizenship of the parties. For diversity jurisdiction to apply, the parties must be diverse and the amount in controversy must exceed $75,000. See 28 U.S.C. §1332. Dismissal is appropriate where plaintiff does not allege "diversity of citizenship between [him]self and any of the defendants." Graddy v. Bonsal, 375 F.2d 764, 765 (2d Cir. 1967).

Because the Court does not have subject matter jurisdiction over the Complaint, "the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

"In the absence of subject matter jurisdiction, the Court need not decide whether the Complaint states any viable claims." Gonzalez, 74 F. Supp. 3d at 518. However, the Court notes that the Complaint also fails utterly to comply with Rule 8. Furthermore, absent any meaningful factual allegations, it fails to state a claim upon which relief may be granted. Plaintiff

merely lists dozens of defendants and makes conclusory statements that they wronged him. This falls far short of even the modest pleading requirements described by Twombly and Iqbal. Thus, even if the Court had subject matter jurisdiction over this matter, it would be dismissed for failure to state a claim, and for failure to comply with Rule 8.

Accordingly, the Complaint [Doc. #1] is **DISMISSED, without prejudice.**

### III. Conclusion

For the foregoing reasons, the Complaint is **DISMISSED.**

The Clerk is directed to close this case.

If plaintiff wishes to attempt to state a claim upon which relief may be granted, he may file a motion to reopen the case, together with a proposed Amended Complaint, on or before **March 11, 2022.**

It is so ordered this 17th day of February, 2022, at New Haven, Connecticut.

```
            /s/
_____
SARAH A. L. MERRIAM
UNITED STATES DISTRICT JUDGE
```